UNITED STATES, Appellee,

v.

Arthur K. KAMINSKI, 571 35 5089, Engineman Third Class (E–4), U.S. Naval Reserve, John D. Ezelle, 557 63 4169, Airman Recruit (E–1), U.S. Navy, James E. Thompson, 572 69 5625, Aviation Ordnanceman Third Class (E–4), U.S. Navy, William O. Tynes, 229 17 6297, Boiler Technician Third Class (E–4), U.S. Naval Reserve, Ronald J. Palos, 572 11 4676, Airman (E–3), U.S. Navy, Kenneth L. Ranf, 564 25 3719, Operations Specialist Seaman Recruit (E–1), U.S. Navy, James O. Jones, Jr., 355 62 0612, Mess Management Specialist Seaman Recruit (E–1), U.S. Navy, Roger J. Yashura, 177 44 7700, Seaman Recruit (E–1), U.S. Navy, Ramon C. Matthews, 220 96 9164, Mess Management Specialist Seaman (E–3), U.S. Navy, Dennis Broadnax, 242 92 8021, Mess Management Specialist Seaman (E–3), U.S. Navy, David W. Westerso, 502 72 3027, Mess Management Specialist Seaman, Apprentice (E–2), U.S. Navy, James J. Edwards, 574 70 9968, Seaman Apprentice (E–2), U.S. Naval Reserve, Darren L. Barnett, 418 15 0650, Seaman Recruit (E–1), U.S. Navy, Kevin E. Herron, 447 76 5665, Lance Corporal (E–3), U.S. Marine Corps, David F. Fields, 457 39 0565, Aviation Boatswain's Mate (Fuels) Airman Recruit (E–1), U.S. Navy, Gregory T. Mills, 243 31 4742, Seaman (E–3), U.S. Navy, Marc J. Dejong, 553 75 5470, Airman Apprentice (E–2), U.S. Navy, Jeffery S. Clapsaddle, 219 06 5052, Lance Corporal (E–3), U.S. Marine Corps, Tresvant L. Clark, 129 46 5336, Seaman Recruit (E–1), U.S. Navy, James A. Lipston, 564 08 7270, Airman Recruit (E–1), U.S. Naval Reserve, Larry J. Cannon, 248 33 5885, Fireman (E–3), U.S. Naval Reserve, Francis A. Galligan, III, 156 52 3200, Boatswain's Mate Third Class (E–4), U.S. Navy, Michael W. Murphy, 441 62 0959, Storekeeper Seaman Apprentice (E–2), U.S. Naval Reserve, Appellants.

NMCM Nos. 892722, 892480, 893970, 893287, 891536, 892460, 893574, 894230, 900509, 893825, 894226, 892501, 894228, 892608, 894229, 893548, 893352, 892455, 900381, 884991, 893353, 893657 and 893272.

U.S. Navy–Marine Corps Court of Military Review.

7 Dec. 1990.

ORDER

Each of the above-captioned cases contains a waiver of appellate review but was, nonetheless, forwarded for appellate review pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, and

Rule for Courts–Martial (R.C.M.) 1203, Manual for Courts–Martial, United States, 1984, because the waiver of appellate review was deemed ineffective by reason of having been filed before the accused or defense counsel was served with a copy of the action of the convening authority, in presumptive violation of R.C.M. 1110(f)(1).

Although the phraseology of R.C.M. 1110(f), as a whole, appears to be restrictive, we are unable to discern any intent on the part of the drafters to restrict the availability of waivers of appellate review. The "window" apparently established by R.C.M. 1110(f) results from what the drafters must have considered a logical opening on the front end—since, until the initial action is taken and published, no case can be positively identified as subject to appellate review—and a closing on the back end set for administrative purposes to allow cases to be forwarded by convening authorities within a reasonable time. Had the intent been to create technical barriers to waiver of appellate review, surely a succeeding right to withdrawal of appellate review would not have been provided.

We, therefore, hold that any waiver of appellate review filed before the accused or defense counsel is served with a copy of the initial action is deemed filed as of the day on which the accused or defense counsel is served with a copy of the initial action, and that such a waiver, if otherwise properly executed and filed, is valid and effective. It follows that, with respect to each of the above-captioned cases, appellate review has been waived, and that this Court is without jurisdiction to review it.

It is, therefore, by the Court, this 7th day of December, 1990,

ORDERED:

That each of the above-captioned cases be, and the same is hereby, returned to the Judge Advocate General of the Navy for review by a judge advocate pursuant to Article 64, Uniform Code of Military Justice, and R.C.M. 1112.