UNITED STATES, Appellee,

v.

Ivan L. WILLIAMS, 465 29 6429, Machinist's Mate Fireman Apprentice (E–2), U.S. Navy, Appellant.

NMCM No. 910218.

U.S. Navy–Marine Corps Court of Military Review.

11 April 1991.

---

ORDER

The record of trial in this case contains an undated waiver of appellate review which was apparently filed before the convening authority, an officer exercising general court-martial jurisdiction, took his action on the record because both the staff judge advocate, in his recommendation, and the convening authority, in his action, refer to the accused's waiver of his right to appellate review. Based on that waiver, the convening authority ordered the sentence, including a bad-conduct discharge, executed. Although review by this Court is precluded by an effective waiver, Article 61(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 861(c), this record of trial was, nevertheless, forwarded for review.

■ Appellate defense counsel asserts that the waiver was ineffective because it was filed before the convening authority acted on the record of trial. This Court has held that a waiver filed before the accused or defense counsel is served with a copy of the convening authority's initial action is deemed to have been filed the day on which the accused or the defense counsel is served with a copy of the initial action and, if otherwise properly executed and filed, is valid and effective. *United States v. Kaminski*, 32 M.J. 808 (N.M.C.M.R.1990) (order). *Cf. United States v. Hernandez*, No. 90–2623 (N.M.C.M.R. 10 January 1991) (order), *pet. granted*, 32 M.J. 475 (C.M.A.1991). Although Article 61(a) does not contain a prohibition against filing a waiver before the convening authority's action, *see* Article 61(a), UCMJ, 10 U.S.C. § 861(a), appellate defense counsel contends that this ruling is inconsistent with certain language in the legislative history of the Military Justice Act of 1983 which amended Article 61 to allow an accused to waive appellate review. We are not persuaded that the language referred to establishes a prohibition when no such restriction appears in the statute, itself, and the remarks on which this contention is based were made in response to an inquiry whether an accused would be permitted to waive appellate rights as part of pretrial negotiations.

■ Appellate defense counsel does not assert that the undated waiver in this case was executed before trial or as part of any pretrial agreement. In addition, appellate defense counsel does not assert that the accused in this case now seeks or has at

any time since executing the waiver sought appellate review. In this regard, we note that since we held in *Kaminski* that a waiver filed before the receipt of the initial action was deemed to be filed on the date the initial action was received, any attempt to revoke that waiver prior to the date it becomes effective (the date the initial action is received by the accused or the defense counsel) would not contravene the proscription in Rule for Courts–Martial 1110(g)(1) that "[o]nce submitted, a waiver ... in compliance with this rule may not be revoked."

Appellate defense counsel does not assert any other error in the trial of this case and only seeks to have this Court set aside the convening authority's action and return the record of trial for a new action. We decline to do so.

It is, therefore, by the Court, this 11th day of April, 1991,

ORDERED:

The above-captioned case is returned to the Judge Advocate General of the Navy for appropriate disposition.